DOWNING, APPELLANT, *v.*
COOK, CHIEF OF POLICE, APPELLEE.

[Cite as Downing v. Cook (1982), 69 Ohio St. 2d 149.]

(No. 81-535—Decided February 10, 1982.)

150

Mr. Eugene S. Bayer and Mr. Anthony O. Calabrese, Jr., for appellant.

Mr. James N. Walters, III, director of law, and Ms. K. Bigenho, for appellee.

*Per Curiam.* The sole issue in this case is whether the enactment of Section 905.04(H)(1) was a valid exercise of the police power of the city of Berea.

Section 3 of Article XVIII of the Ohio Constitution confers upon municipalities, such as Berea, the "authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

A legislative body may enact legislation declaring that previously lawful activity will thereafter be deemed a nuisance. Such legislation will be upheld against constitutional challenge if it comes within the police power, *i.e.,* if it has a real and substantial relation to the public health, safety, morals or general welfare of the public and is neither unreasonable nor arbitrary. *Wilson* v. *Cincinnati* (1976), 46 Ohio St. 2d 138; *West Jefferson* v. *Robinson* (1965), 1 Ohio St. 2d 113; *Porter* v. *Oberlin* (1965), 1 Ohio St. 2d 143, *Ghaster Properties, Inc.,* v. *Preston* (1964), 176 Ohio St. 425; *Benjamin* v. *Columbus* (1957), 167 Ohio St. 103.

Section 905.04(H)(1) is the result of a legislative deter-

mination that the housing of more than three fully-grown dogs in residential lots of comparatively small size is detrimental to the general welfare. The regulation of dogs does not exceed the legitimate range of police power. It cannot be disputed that too many dogs in too small a space may produce noise, odor and other conditions adverse to the best interests of the community as a whole.

In determining whether the Berea ordinance is unreasonable or arbitrary we are mindful that the ordinance benefits from a presumption of validity. When legislation is enacted pursuant to the police power, a party opposing such action must demonstrate a clear and palpable abuse of that power in order for a reviewing court to substitute its own judgment for legislative discretion. *State* v. *Renalist, Inc.* (1978), 56 Ohio St. 2d 276, 278. Local authorities are presumed to be familiar with local conditions and to know the needs of the community. *Allion* v. *Toledo* (1919), 99 Ohio St. 416, paragraph one of the syllabus; *Wilson* v. *Cincinnati, supra,* at page 142.

Here the appellant has not shown the enactment of Section 905.04(H)(1) to be a clear and palpable abuse of power. Her evidence, largely consisting of opinions, is conclusory in nature or irrelevant, and does not rebut the presumption that the ordinance is valid.

While Section 905.04(H)(1) may limit appellant in the enjoyment and use of her property, appellant has failed to demonstrate that Section 905.04(H)(1) is not reasonably adapted to the legitimate purpose of avoiding the problems associated with a concentration of dogs in a small area in residential environs.

Section 905.04(H)(1) is not invalidated by the fact that appellant could conceivably keep four dogs on her premises without creating undue noise, odor, filth, danger or other conditions traditionally characterized as nuisance conditions. Nor is appellant precluded by the ordinance from engaging in her hobby of breeding and showing dogs, but only from keeping more than three adult dogs in her home.

Because appellant failed to prove that Section 905.04 (H)(1) is unreasonable, arbitrary or unrelated to the public health, safety, morals or general welfare of the public, the

152

judgment of the Court of Appeals upholding the ordinance is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.