CITY OF STOW, APPELLEE, *v.* GRIGGY, APPELLANT.

(No. 10958—Decided March 30, 1983.)

*Mr. L. James Martin,* law director, for appellee.

*Mr. David G. Umbaugh,* for appellant.

GEORGE, J. The defendant appeals his conviction for storage of junk in violation of Stow Ordinance Section 136.02. This court affirms the conviction.

The defendant, Gene Griggy, owns property located in Stow at 1758 Richie Road. Upon this property, Griggy has stored several inoperable motor vehicles for several years. Section 136.02 requires that, if one stores upon his property "motor vehicles unfit for further use," he must enclose them "within a fence or building suitable to obstruct the same from public view and access."

On August 2, 1982, Griggy was cited for a violation of this ordinance. He moved to dismiss the charge saying that he had been storing the automobiles on his property prior to November 1975, when the ordinance was enacted. Griggy argued that his storage of automobiles constituted a valid nonconforming use and, therefore, was not subject to the

mandates of Section 136.02. He further argued that enforcement of the ordinance against him constituted a taking of property without due process of law. The trial court was not persuaded by these arguments and denied the motion to dismiss. Griggy then pled no contest and was found guilty.

Assignment of Error

"Section 136.03 [*sic* 136.02] of the Codified Ordinances of Stow is a regulation concerning the use of land, which is subject to the defense of non-conforming use. To convict appellant under this ordinance when a non-conforming use has been established is a 'taking' by the state without due process of law."

Griggy argues that since Section 136.02 restricts the use of his property he may raise the defense of an existing nonconforming use. This court disagrees.

In Stow, the authority for the continuation of a nonconforming use is found in Stow Ordinance Sections 153.170 *et seq.*, within the zoning code. By its very language Section 153.170 applies only to those uses which fail to conform to the zoning code. Thus, it does not apply to Section 136.02 which is aimed at the abatement of an identified nuisance relating to the storage of junk.

It is fundamental that private property is held subject to the authority of the state to regulate its use for the protection of the public health and safety. 16 Ohio Jurisprudence 3d 531, Constitutional Law, Section 399. Legislation may provide that a particular use of land is unlawful as a nuisance. This is so, even though such use existed prior to the legislative enactment. *Ghaster Properties, Inc.* v. *Preston* (1964), 176 Ohio St. 425 [27 O.O.2d 388], paragraph two of the syllabus. Furthermore, when a particular use has been declared a nuisance it is then an unlawful use and the doctrine of nonconforming use cannot be applied. *Id.* at 441.

In the instant case, the ordinance itself does not specifically declare that the storage of junk is a nuisance. However, perusal as a whole of Chapter 136 of the Codified Ordinances of Stow indicates that such storage is indeed declared a nuisance.

In Section 136.01, "nuisance" is defined as:

"* * * any continuous, unlawful, or unreasonable interference with a peaceful enjoyment of property rights, either public or private, by violation of the right to a clean, comfortable environment or interference with the public health, safety, or welfare."

The balance of Chapter 136 enumerates offenses against health. None of the sections subsequent to Section 136.01 specifically declares that the proscribed activity is a nuisance. However, the definition of nuisance in Section 136.01 is applicable throughout the chapter. Furthermore, Section 136.21 states that "violations of any of the provisions of this chapter" shall be reported to the law department which shall order "such nuisance" abated. "Nuisance" clearly refers to "violations of any of the provisions" of Chapter 136. This, of course, includes Section 136.02.

The storage of junk in violation of Section 136.02 has been declared a nuisance. Thus, its abatement is properly within the police power of the city of Stow. *Ghaster Properties, Inc.* v. *Preston, supra.* A legislative enactment carries with it a strong presumption of validity. The person challenging the constitutionality or applicability of a legislative act is required to establish, by the requisite degree of proof, that such enactment is infirm or inapplicable. *State* v. *Renalist, Inc.* (1978), 56 Ohio St. 2d 276 [10 O.O.3d 408]. Here, there is a failure to meet this burden. The fact that Griggy engaged in the storage of junk prior to the enactment of Section 136.02 does not mean he can continue the nuisance.

"A legislative body may enact legislation declaring that previously lawful activity will thereafter be deemed a nuisance." *Downing* v. *Cook* (1982), 69 Ohio St. 2d 149, 150 [23 O.O.3d 186], citing *Ghaster Properties, Inc.* with approval.

Accordingly, the court did not err in overruling Griggy's motion for dismissal. The judgment is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.