**VILLAGE OF JEFFERSON**

v.

**MIRANDO.**

Ashtabula County Court,
Eastern Division, Jefferson, Ohio.

No. 98 CRB 514.

Decided Sept. 16, 1999.

*Jerome Lemire,* Jefferson Village Solicitor, for plaintiff.

*Michael Mirando,* for defendant.

---

ROBERT S. WYNN, Judge.

This matter is before the court upon defendant Sharon Mirando's motion to dismiss the complaint on grounds that Section 618.17 of the Village of Jefferson Code of Ordinances, under which she is charged, is unconstitutionally vague and

also impermissibly conflicts with applicable state laws. Section 618.17 provides as follows:

"618.17 MAXIMUM NUMBER OF DOGS OR CATS PER DWELLING UNIT

"(a) No person shall harbor more than three dogs or cats per family dwelling unit, except that where litters have been born to a residing animal, a four-month grace period shall be granted to permit the distribution of such young animals after they have been weaned.

"(b) Whoever violates this section is guilty of a minor misdemeanor. A separate offense shall be deemed committed each day during or on which a violation occurs or continues. Punishment shall be as provided in Section 698.02.

"(Ord. 1446–A. Passed 9–4–79.)"

The court first observes that neither the state of Ohio nor the defendant requested a hearing upon defendant's motion to dismiss. The court is not required to conduct an evidentiary hearing where none has been requested. *State v. Feltner* (1993), 87 Ohio App.3d 279, 283, 622 N.E.2d 15, 18; *State v. Haddix* (1994), 92 Ohio App.3d 221, 223, 634 N.E.2d 690, 691; *Univ. Hts. v. Morris* (Apr. 18, 1996), Cuyahoga App. No. 69493, unreported, 1996 WL 191753; *State v. Beltz* (Oct. 21, 1997), Stark App. No. 1997CA00028, unreported. While the parties' respective memoranda do make reference to items of a factual nature, such reference is minimal. The court finds that defendant did not in her motion to dismiss and supporting briefs allege facts that if proved would require the granting of the relief sought by her. *State v. Shindler* (1994), 70 Ohio St.3d 54, 58, 636 N.E.2d 319, 322. The court therefore determines to adjudicate this motion to dismiss upon the briefs of the parties pursuant to Crim.R. 12(E).

The village of Jefferson's ordinance benefits from a strong presumption of constitutionality, and defendant Mirando bears the burden of demonstrating unconstitutionality of this ordinance beyond any remaining fair debate on the issue. *Hudson v. Albrecht, Inc.* (1984), 9 Ohio St.3d 69, 71, 9 OBR 273, 274–275, 458 N.E.2d 852, 854–855.

The court is called upon in this case to decide whether Section 618.17 of the Village of Jefferson Code of Ordinances is unconstitutionally vague in violation of the Due Process Clause rights guaranteed to defendant by the Fourteenth Amendment. Village council is empowered to enact legislation proscribing certain conduct provided there are ascertainable standards associated therewith. Section 3, Article XVIII of the Constitution of Ohio. An ordinance is definite enough to satisfy the requirements of the Due Process Clause if it conveys a "sufficiently definite warning as to the proscribed conduct when

4

measured by common understanding and practices." *Jordan v. DeGeorge* (1951), 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886. To be valid the ordinance must give fair notice that the contemplated activity in question is forbidden. "The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *United States v. Harriss* (1954), 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989, 996.

Section 618.17 is not unconstitutionally vague and it does provide a clear standard for the average person and for law enforcement officials. Its mandate is indeed virtually unmistakable. Its use of the term "harbor" does not create confusion or give rise to ambiguity, since the use of this term in this context is readily comprehensible. As recited by Solicitor Lemire in the village's brief, "harbor" means "to give shelter or refuge to," according to Webster's Third New International Dictionary. The court concludes that the average village resident can readily understand what is forbidden by Section 618.17. There exists no potential here for a harsh and discriminatory enforcement.

The court hastens to note that the general validity of an ordinance very similar to the one in the instant case was upheld by the Supreme Court of Ohio in *Downing v. Cook* (1982), 69 Ohio St.2d 149, 23 O.O.3d 186, 431 N.E.2d 995. Although *Downing* does not contain a specific vagueness analysis, this court is reluctant in any event to declare Section 618.17 unconstitutional in the face of the Downing holding in recognition of the doctrine of *stare decisis*.

The United States Supreme Court has held that ownership and control of dogs may be regulated as needed for the protection of citizens. *Sentell v. New Orleans & Carrollton RR. Co.* (1897), 166 U.S. 698, 17 S.Ct. 693, 41 L.Ed. 1169; *Nicchia v. New York* (1920), 254, U.S. 228, 41 S.Ct. 103, 65 L.Ed. 235.

Defendant's assertion that Section 618.17 impermissibly conflicts with state statutes also fails. In determining whether a local ordinance conflicts with a state statute, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, or vice versa. The village of Jefferson is not shown to be regulating kennels. *Painesville Twp. v. Buss* (May 17, 1996), Lake App. No. 94–L–101, unreported, 1996 WL 857915. The court discerns no conflict.

Because Section 618.17 is not a vague enactment and does not conflict with state laws, defendant's motion to dismiss is overruled. Trial shall proceed as scheduled on Friday, September 17, 1999.

IT IS SO ORDERED.

*Judgment accordingly.*