OPINION
{¶ 1} Defendant-appellant Gavril J. Codrea appeals his conviction and sentence for violations of the following Revised Code of General Ordinances of the City of Dayton: § 93.46(E), § 150.35(B), and § 93.05. On September 20, 2002, Mark Mueller, a housing inspector for the City of Dayton, observed violations of the housing code at a property located at 12 Grove Avenue in Dayton, Ohio. Mueller issued an emergency repair order to Codrea, the occupant of the property.
 {¶ 2} On November 9, 2004, Mueller reinspected the property and issued three minor misdemeanor citations to Codrea for failure to maintain exterior premises in violation of R.C.G.O. § 93.46(E). On the same day, Mueller issued Codrea a ticket for a violation of R.C.G.O. § 150.335(B), illegal outdoor storage at a residence. On December 1, 2004, Codrea was charged under R.C.G.O. § 93.05 for failure to obey the legal orders of a housing inspector.
 {¶ 3} On April 13 and 15, 2005, a bench trial was held and Codrea was found guilty of violating R.C.G.O. § 93.46(E), § 150.35(B), and § 93.05. On June 15, 2005, Codrea was fined $150.00 for each violation of § 93.46(E) and § 150.35(B), both minor misdemeanors. For violating § 93.05, a misdemeanor of the third degree, Codrea was fined $500.00 and sentenced to sixty days in jail. The trial court suspended the jail sentence. Codrea filed a notice of appeal on July 14, 2005.
 I {¶ 4} Codrea's first assignment of error is as follows:
 {¶ 5} "CITY OF DAYTON CODE OF ORDINANCES 93.46E AND 150.355 ARE UNCONSTITUTIONAL AS APPLIED TO APPELLANT THUS VIOLATING APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH ANDFOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO STATE CONSTITUTION."
 {¶ 6} In his first assignment of error, Codrea initially argues that R.C.G.O. § 93.46(E) and § 150.35(B) are unconstitutional as applied to him, and his due process rights were violated as a result. However, after a brief discussion of the ordinances in question and their application in this case, Codrea ultimately concludes that said ordinances are not unconstitutional as applied to him. Moreover, Codrea contends that no other issues pertaining to the constitutionality of the ordinances can properly be raised by appellant.
 {¶ 7} There is a strong presumption in favor of the validity of a municipal ordinance. Huber Hts. V. Liakos (2001),145 Ohio App.3d 35, 41, 761 N.E.2d 1083, 1087, citing Downing v. Cook
(1982), 69 Ohio St.2d 149, 151, 431 N.E.2d 995, 997. A party challenging the validity of an ordinance bears the burden of demonstrating its unconstitutionality. Huber Hts., supra, citing Mayfield-Dorsh, Inc. v. S. Euclid (1981),68 Ohio St.2d 156, 429 N.E.2d 159. Clearly, Codrea has failed to meet that burden. Instead, Codrea readily admits that both R.C.G.O. § 93.46(E) and § 150.35(B) have been constitutionally applied to him in the instant case.
 {¶ 8} Thus, Codrea's first assignment of error is overruled.
 II {¶ 9} Codrea's second and third assignments of error are as follows:
 {¶ 10} "APPELLANT HAS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL AS HIS TRIAL COUNSEL FAILED TO REQUEST A COMPETENCY HEARING, THEREBY VIOLATING APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENT[S] OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO STATE CONSTITUTION."
 {¶ 11} "APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH ANDFOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE I SECTION 10 OF THE OHIO STATE CONSTITUTION WAS VIOLATED AS THE TRIAL COURT FAILED SUA SPONTE TO CONDUCT A COMPETENCY HEARING."
 {¶ 12} In his second assignment, Codrea contends that defense counsel rendered ineffective assistance by not urging the court to order a competency evaluation prior to or during trial. In his third assignment, Codrea argues that the trial court erred in failing to sua sponte make a proper determination of competency or to order a competency evaluation in light of his erratic behavior during trial and his obvious inability to understand the nature of the proceedings as mandated by the language of R.C.G.O. § 93.05.
 {¶ 13} According to Codrea, the record of his trial testimony clearly indicates that he did not understand the consequences of his own trial and was unable to assist in his defense. Codrea asserts that the record is replete with instances where he was acting against his own interests.
 {¶ 14} "It has long been recognized that a `person [who] lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to trial.'" Statev. Smith (2000), 89 Ohio St.3d 323, 329, 731 N.E.2d 645, quotingDrope v. Missouri (1975), 420 U.S. 162, 171, 95 S.Ct. 896. "Fundamental issues of due process require that a criminal defendant who is legally incompetent may not be tried." State v.Thomas (2002), 97 Ohio St.3d 309, 315, 779 N.E.2d 1017, citingState v. Berry (1995), 72 Ohio St.3d 354, 359, 650 N.E.2d 433.
 {¶ 15} R.C. 2945.37(B) requires a competency hearing if a request is made before trial. State v. Were (2002),94 Ohio St.3d 173, 761 N.E.2d 591, paragraph one of the syllabus. But, 2945.37(B) provides that "if the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion." Thus, the decision whether to hold a competency hearing once trial has begun is in the court's discretion. State v. Rahman (1986),23 Ohio St.3d 146, 153, 492 N.E.2d 401. The right to a hearing rises to the level of a constitutional guarantee when the record contains sufficient "indicia of incompetency" to necessitate inquiry to insure the defendant's right to a fair trial. Were,
supra, 94 Ohio St.3d 173 at paragraph two of the syllabus. Objective indications such as medical reports, specific references by defense counsel to irrational behavior, or the defendant's demeanor during trial are all relevant in determining whether good cause was shown after the trial had begun. State v.Chapin (1981), 67 Ohio St.2d 437, 424 N.E.2d 317, paragraph one of the syllabus.
 {¶ 16} In support of his assertion that his counsel should have requested a competency hearing, or, in the alternative, that the trial court should have sua sponte ordered that such a hearing be held, Codrea directs us to the record in this matter. Codrea argues that the record clearly demonstrates many instances where he made unintelligible statements during his testimony and improperly attempted to communicate with the trial judge, the prosecutor, and his own attorney.
 {¶ 17} In reviewing an assigned error on appeal, pursuant to App. R. 12(A)(1)(b), we are confined to the record that was before the trial court as defined in App. R. 9(A). See Lamar v.Marbury (1982), 69 Ohio St.2d 274, 277, 431 N.E.2d 1028. App. R. 9(A) identifies the record on appeal as consisting of "the original papers and exhibits thereto filed in the trial court,the transcript of the proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *."
 {¶ 18} App. R. 9(A) provides if the transcript of the proceedings is in the video tape medium, counsel for appellant shall print or type those portions of the transcript necessary for the court to determine the questions presented, shall certify their accuracy, and append such copy of the portions of the transcript to the brief. Additionally, App. R. 9(B) imposes the duty on an appellant to file a transcript of the proceedings underlying the final order or judgment from which the appeal is taken and concerning which the appellant seeks appellate review.State ex rel. Montgomery v. R D Chem. Co. (1995),72 Ohio St.3d 202, 1995-Ohio-21. If the transcript is not included in the record, the court of appeals must presume the validity of the trial court's proceedings unless error of law is demonstrated.Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384.
 {¶ 19} As the State notes in their brief, Codrea has failed to provide those portions of the trial transcript which contain the bulk of his testimony. The only portions of the transcript Codrea filed were the trial testimony of Mark Mueller and James Tredinnick, both of whom are employed by the City of Dayton Housing Inspector. It should be noted that the portion of the transcript with Tredinnick's testimony which was provided to us does not contain any mention of an outburst from Codrea, contrary to the assertion he makes in his brief. In fact, there is no evidence of any statements made by Codrea during Tredinnick's testimony.
 {¶ 20} The transcript of Mueller's testimony, however, does contain two instances where Codrea interrupted the trial court. In one section of Mueller's testimony, Codrea apparently made a statement which was recorded by the court stenographer as "unintelligible." The only other interruption on the record occurred when Codrea asked to speak with the trial judge directly in open court. These two isolated instances, however, hardly demonstrate that Codrea was not competent to stand trial or that a competency hearing was necessary. Essentially, Codrea argues that in light of the two outbursts, we should infer he was incapable of understanding the nature of the charges against him. From the facts before us, we cannot reach that conclusion. It is a common occurrence for defendants in criminal trials to offer unsolicited statements in open court. While such outbursts are disruptive, they are not, taken alone, indicative of mental instability on the part of the defendant, thereby requiring a competency hearing.
 {¶ 21} Although Codrea's competence at trial is directly at issue on appeal, the portion of the transcript containing his testimony is noticeably absent from the record. The two minor disruptions caused by Codrea during Mueller's testimony are simply insufficient to demonstrate the need for a competency hearing. Under these circumstances, we cannot, as a matter of law, find that the trial court abused its discretion when it failed to sua sponte order a competency hearing of Codrea. Moreover, without the entire transcript before us, we cannot find that defense counsel's failure to request the trial court to order a competency hearing constituted ineffective assistance.
 {¶ 22} Codrea's second and third assignments of error are overruled.
 III {¶ 23} All of Codrea's assignments of error having been overruled, the judgment of the trial court is affirmed.
Grady, P.J. and Fain, J., concur.