22063

FAIRWAY FORD, INC., Sullivan Hardware Co., Inc., Universal Equipment Co., Inc., Walter S. Griffin and McKinney and Jones Real Estate Corp., Plaintiffs-Respondents, v. Charles M. TIMMONS, W. David Roe, Mark B. Tolbert, C. Ben Bowen, I. L. Donkle, III, as Members of the Greenville County Election Commission and the City of Greenville, S. C., Defendants, of Whom The City of Greenville, S. C. is Defendant-Appellant.

(314 S. E. (2d) 322)

Supreme Court

*Stephen A. Kern, Elizabeth K. Stricklin;* and *Frank H. Gibbes, III,* of *Rainey, Britton, Gibbes & Clarkson,* Greenville, *for defendant-appellant.*

58

*Harvey G. Sanders* and *Mark R. Holmes,* both of *Leatherwood, Walker, Todd & Mann,* Greenville, *for plaintiffs-respondents.*

Heard Feb. 10, 1984.

Decided March 22, 1984.

LITTLEJOHN, Justice:

The plaintiffs-respondents are nonresident owners of commercial property in a 102-acre tract of land in Greenville County adjoining the City of Greenville. They brought this action against the Greenville County Election Commission and against the City of Greenville asking the court to declare the annexation of their land invalid. A portion of the statute under which the annexation vote was held is unconstitutional. The trial judge held that the remainder of the statute under which the annexation was attempted was not severable. Accordingly, the judge invalidated the election; the City has appealed. We affirm.

The proponents of annexation proceeded under the provisions of Sections 5-3-160 to 5-3-240 of the Code of Laws of South Carolina (1976). This procedure requires that upon petition of fifteen percent of the resident freeholders an annexation vote must be held. On the day of the election, a majority of the registered voters in the to-be-annexed area must approve the annexation along with a majority of the registered voters of the City. In addition, a majority of the freeholders in the to-be-annexed area must approve by voting at a separate ballot box.

All parties agree that sections of the Code which require a vote of the freeholders are unconstitutional. *Hayward v. Edwards,* 456 F. Supp. 1151 (D.S.C. 1977) aff'd sub nom. *Hayward v. Clay,* 573 F. (2d) 187 (4th Circuit 1978) (Haynesworth, J., dissenting on the issue of severability).

The Election Commission conducted the annexation election; but no vote of the freeholders was taken. Both a majority of the eligible electors in the City and a majority of the eligible electors residing in the to-be-annexed area approved. By resolution, the City declared the area annexed. This action followed.

The issue determinative of this appeal is as follows:

Is the statute operable without that portion declared unconstitutional; or, stated otherwise, is the statute severable?

We hold the statute is not severable; by so holding other questions are rendered moot.

■ The City relies on the *Hayward* decisions to support its contention that the statute is severable. *Hayward v. Clay*, 573 F. (2d) at 191; *Hayward v. Edwards*, 456 F. Supp. at 1155. These decisions fail to discuss the issue of severability within the context of the test used in South Carolina to determine severability. Severability is a question of state law. Accordingly, this court is not bound by and, in fact, refuses to follow the *Hayward* decisions. *E.g. Ford v. Atlantic Coastline R.R. Co.*, 169 S. C. 41, 77, 168 S. E. 143, 156 (1932).

■ To determine in South Carolina if the constitutional portion of a statute is severable from the unconstitutional portion and still valid, the following test is used:

The rule is that where a part of a statute is unconstitutional, if such part is so connected with the other parts as that they mutually depend upon each other as conditions and considerations for each other, so as to warrant the belief that the Legislature intended them as a whole, and if they cannot be carried into effect, the Legislature would not have passed the residue independently of that which is void, the whole act is void. On the other hand, where a part of the statute is unconstitutional, and that which remains is complete in itself, capable of being executed, wholly independent of that which is rejected, and is of such character as that it may fairly be presumed that the Legislature would have passed it independently of that which is in conflict with the Constitution, then the courts will reject that which is void and enforce the remainder.

*Townsend v. Richland County*, 190 S. C. 270, 280-81, 2 S. E. (2d) 777, 781 (1939); *Aiken County Board of Education v. Knotts*, 274 S. C. 144, 150-51, 262 S. E. (2d) 14, 18 (1980) (quoting Townsend).

Both the particular statutes in question and the entire chapter governing other methods of annexation give indications of the intent of the Legislature.

The Legislature established a "traditional" method of annexation and eight alternate methods (including the method at issue). In each of the eight other methods a majority of the freeholders in the area to-be-annexed must sign a petition to begin the annexation procedure. The obvious intent of the Legislature to require approval of freeholders is so dominant that it cannot be said that the statute, without the portion declared unconstitutional, would have been enacted without the freeholder approval requirement.

Because the intent of the Legislature was obviously to prohibit annexation without the consent of a majority of the freeholders, we hold that Sections 5-3-160 to 5-3-230, inclusive, of the Code are unconstitutional. The Order of the lower court is hereby

Affirmed.

LEWIS, C. J., and NESS, GREGORY and HARWELL, JJ., concur.