23528

SOUTH CAROLINA TAX COMMISSION, Respondent v. UNITED OIL
MARKETERS, INC. Appellant.

(412 S.E. (2d) 402)

Supreme Court

*Timothy G. Quinn*, of *Quinn, Boyler & Greenburg*, Columbia, *for appellant.*

*Chief Deputy Atty. Gen. Joe L. Allen, Jr., Deputy Atty. Gen. Ray N. Stevens* both of the *South Carolina Tax Com'n*, Columbia, *for respondent.*

Heard Oct. 9, 1991.

Decided Dec. 16, 1991.

GREGORY, Chief Justice:

This is a declaratory judgment action brought by respondent South Carolina Tax Commission (Commission) against appellant United Oil Marketers, Inc. (United) to determine the constitutionality of S.C. Code Ann. § 12-27-430 (Supp. 1990). This statute provides for a tax incentive or a preferential rate of taxation for gasoline that is blended with ethanol produced from designated agricultural products grown within the State. The Commission also sought a determination whether the tax incentive was available to all ethanol blends regardless of the origin of the ethanol or denied to all ethanol blends. The court held § 12-27-430 unconstitutional in its entirety and found the tax incentive should be denied to all ethanol blends. The court further found the Commission was entitled to collect an additional tax on fuel ethanol blends previously sold by United. We affirm in part and vacate in part.

## I. FACTS

The facts giving rise to this action are as follows. The license tax on gasoline sold in this State is sixteen cents per gallon.[1] S.C. Code Ann. § 12-27-430 (Supp. 1990), however, allows a tax incentive to those selling gasoline within the State if the gasoline was blended with ethanol and more than fifty percent of the ethanol was comprised of products derived from certain agricultural products grown in this State. Effective January 1, 1989, § 12-27-430(3) provided that qualifying fuel ethanol blends would be taxed at only ten cents per gallon.

In 1988, the United States Supreme Court issued its opinion in *New Energy Co. v. Limbach,* 486 U.S. 269, 108 S. Ct. 1803, 100 L. Ed. (2d) 302 (1988), which held that an Ohio statute similar to § 12-27-430 imposed an unconstitutional burden upon interstate commerce. Despite the decision in *New Energy,* § 12-27-430, although amended, still provided a tax incentive for qualifying fuel ethanol blends. United filed a report with the Commission on June 30, 1990, claiming it was entitled to the tax incentive provide by § 12-27-430 notwithstanding the fact its fuel ethanol blends never qualified for the tax incentive under § 12-27-430 as its ethanol was not produced from products grown in South Carolina.[2]

The Commission then initiated this action. In its complaint, the Commission asked for the following: (1) for the court to determine the constitutionality of § 12-27-430; and (2) for the court to determine, if it found the statute unconstitutional, whether the language contained in subsection 1 which defined qualifying fuel ethanol as ethanol containing products "all of which must be grown in this State," was severable from the remainder of the statute so as to avail all ethanol blends of the

---

[1] S.C.Code Ann. § 12-27-230 (Supp.1990) (provides for a tax rate of *10.34 cents* per gallon on all gasoline sold or consigned within this State); S.C.Code Ann. § 12-27-240 (Supp.1990) (provides for the imposition of an additional tax to that imposed by § 12-27-230 at the rate of *2.66 cents* per gallon on all gasoline sold or consigned within this State); S.C.Code Ann. § 12-27-1219 (Supp.1990) (provides for the imposition of an additional tax to that imposed by §§ 12-27-230 and 12-27-240 at the rate of *three cents* per gallon on all gasoline sold or consigned within this State, effective January 1, 1989).

[2] It appears that from June of 1990, United was collecting taxes only in the amount of ten cents rather than sixteen cents per gallon despite the fact that its fuel ethanol blends never qualified for the incentive provided in § 12-27-430.

tax incentive or deny all fuel ethanol blends the tax incentive. United answered the Commission's complaint asserting, in essence, that if the scheme set forth in § 12-27-430 was held unconstitutional, the statute could be severed so as to make the tax incentive available to all fuel ethanol blends regardless of the origin of the ethanol. United also asked for attorney's fees.

The court declared § 12-27-430 unconstitutional in its entirety finding subsection 1 was not severable. It concluded the Commission should administer and collect taxes upon ethanol blended gasoline in the same manner that it administers and collects taxes on non-blended gasoline. In other words, the court held the tax incentive should be denied to all fuel ethanol blends regardless of the origin of the ethanol.

In accordance with this order, the Commission issued a letter on December 5, 1990, setting forth the court's findings and stating that from the date of the letter, all fuel ethanol blends, regardless of whether the ethanol contained more than fifty percent of derivatives from designated agricultural products grown in South Carolina, would be taxed at the rate of sixteen cents per gallon. Two days after this letter was issued, United filed a motion pursuant to Rule 59, SCRCP, asking the court to alter or amend its judgment. United alleged the court erred in finding § 12-27-430 incapable of severance.

A hearing was held and the court issued a supplemental order affirming the initial order relating to the non-severability of § 12-27-430. Further, the court extended its initial ruling by stating that the Commission was entitled to collect from United an additional six cents per gallon tax on the non-qualifying fuel ethanol blends previously sold. This appeal by United followed.

## II. DISCUSSION

Initially, we note that this action is one for declaratory judgment brought pursuant to S.C. Code Ann. § 15-53-20 (1977). In its complaint, the Commission asked the court to determine *only* whether a portion of the statute was severable. From a thorough examination of the complaint, it is clear the Commission was not seeking to collect taxes from United. Thus, it was error for the court to hold the Commission was entitled to assess and collect the additional six cents

per gallon on the fuel ethanol blends previously sold by United. This portion of the court's order is hereby vacated. The remaining portions of the court's order are affirmed as discussed below.

United contends that subsection 1 of § 12-27-430 is severable so as to provide the tax incentive to all fuel ethanol blends regardless of whether their principal feed stock consisted of derivatives from designated agricultural products grown in this state. Subsection 1 of § 12-27-430 is the provision of the statute that sets forth the definition of fuel ethanol blends that qualify for the tax incentive set forth in § 12-27-430(3). It provides:

> (1) Fuel ethanol means one hundred ninety-eight proof ethanol denatured in conformity with Bureau of Alcohol, Tobacco and Firearms regulations and distilled in a facility *whose principal (over fifty percent) feed stock is wood, corn and its by-products, cereal grain and its by-products, potatoes and their by-products, sugar beets and their by-products, or turnips and their by-products, all of which must be grown in this State* (emphasis added).

The court disagreed with United's contention and found § 12-27-430 unconstitutional as a whole. Thus, subsection 1 was not severable. We agree.

The severability of a statute is a question of state law. *Fairway Ford, Inc. v. Timmons*, 281 S.C. 57, 314 S.E. (2d) 322 (1984). To determine whether an unconstitutional portion of a statute is severable from the remainder of a statute and thus, still valid, the following test has been used:

> The rule is that where part of a statute is unconstitutional, if such part is so connected with the other parts as that they mutually depend upon each other as conditions and considerations for each other, so as to warrant the belief that the Legislature intended them as a whole, and if they cannot be carried into effect, the Legislature would not have passed the residue independently of that which is void, the whole act is void. On the other hand, where a part of the statute is unconstitutional, and that

> which remains is complete in itself, capable of being executed, wholly independent of that which is rejected, and is of such character as that it may fairly be presumed that the Legislature would have passed it independently of that which is in conflict with the Constitution, then the courts will reject that which is void and enforce the remainder.

*Id.* at 59, 314 S.E. (2d) 322 at 324. *See also Reith v. S.C. State Housing Authority,* 267 S.C. 1, 225 S.E. (2d) 847 (1976); *Lee v. Clark, et al.,* 224 S.C. 138, 77 S.E. (2d) 485 (1953); *Townsend v. Richland County, et al.,* 190 S.C. 270, 2 S.E. (2d) 777 (1939). In short, the question is whether the intention of the Legislature can be fulfilled absent the offending provision. Here, we agree with the court below that the purpose of the statute cannot be accomplished without subsection 1 and thus it was not intended to be severable for the following reasons.

It appears that the intent of the legislature in enacting § 12-27-430 was to benefit only intrastate concerns. It is obvious from the protectionist definition of "fuel ethanol" in subsection 1 that the legislature primarily intended to aid South Carolina's farmers by providing the tax incentive for gasoline blended with ethanol that was produced from agricultural products grown in South Carolina. Further, the legislative definition of "fuel ethanol" contained in subsection 1 is the foundation for all of the remaining provisions of § 12-27-430.

Further, there is no savings clause provision contained in § 12-27-430. In the absence of a legislative declaration that invalidity of a portion of the statute shall not affect the remainder, the presumption is that the legislature intended the act to be effected as an entirety or not at all. *Carter v. Carter Coal Co.,* 298 U.S. 238, 56 S. Ct. 855, 80 L. Ed. 1160 (1936); *see also* 16 Am. Jur. (2d) *Constitutional Law* § 267 (1979).

Since the statute is unconstitutional as a whole, it follows that no blended fuel ethanol is entitled to the tax incentive. Consequently, the Commission must, as the court directed, administer and collect taxes on all fuel ethanol blends in the same manner that it administers and collects

taxes on all other gasoline at the rate of sixteen cents per gallon. *Accord Archer Daniels Midland Co. v. State ex rel. Allen,* 315 N.W. (2d) 597 (Minn.1982); *Giant Industries Arizona, Inc., v. Taxation and Revenue Dept.,* 110 N.M. 442, 796 P. (2d) 1138 (1990).

■ United also argues on appeal that the court erred in failing to consider its demand for attorney's fees.

United claims it is entitled to attorney's fees pursuant to S.C. Code Ann. § 15-77-300 (Supp. 1990). We disagree and find no error on the part of the trial court. Section 15-77-300 states in pertinent part:

> In any civil action brought by the State, any political subdivision of the State or any party who is contesting state action, *unless the prevailing party is the State or any political subdivision of the State,* the court may allow the prevailing party to recover reasonable attorney's fees to be taxed as court costs against the appropriate agency if:
>
> (1) The court finds that the agency acted without substantial justification in pressing its claim against the party; and
>
> (2) The court finds that there are no special circumstances that would make the award of attorney's fees unjust ... (emphasis added).

Here, the court held the statute unseverable so as to deny all fuel ethanol blends the tax incentive outlined in § 12-27-430. United argued, to the contrary, that the statute was severable and the tax incentive was available for all fuel ethanol blends. Thus, United is not the prevailing party and is not entitled to attorney's fees.

We have carefully reviewed United's remaining exceptions and find them to be without merit. Accordingly, they are dismissed pursuant to Rule 220(b)(1), SCACR.

Affirmed in part; vacated in part.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.