RZEPKA ET AL., APPELLANTS, *v.* CITY OF SOLON ET AL., APPELLEES.

[Cite as *Rzepka v. Solon*, 121 Ohio St.3d 380, 2009-Ohio-1353.]

*Elections — Election contest used to challenge ward-majority provision of ordinance — Effect of alleged election irregularity not proven by clear and convincing evidence — Judgment affirmed.*

(No. 2008-1303 ─ Submitted February 17, 2009 ─ Decided March 31, 2009.)

APPEAL from the Court of Common Pleas of Cuyahoga County,

No. CV-08-656878.

_____

**Per Curiam.**

{¶ 1}   This is an appeal from the denial of an election contest challenging the constitutionality of a charter requirement.   Because appellants failed to establish by the requisite clear and convincing evidence that any claimed election irregularity affected enough votes to change or make uncertain the contested election result, we affirm.

**Concurrent-Majority Requirement for Voter Approval of Zoning Changes**

{¶ 2}   In May 1988, the electors of appellee the city of Solon, Ohio, adopted the following provisions requiring voter approval of proposed zoning changes in both the municipality and in the ward in which the property is located:

{¶ 3}   "ARTICLE XIV

{¶ 4}   "VOTER APPROVAL OF ZONING CHANGES

{¶ 5}   "SECTION 1. ZONING DISTRICT CHANGE.

{¶ 6}   "Any ordinance, resolution or other action, whether legislative or proposed by initiative petition, effecting a change in the zoning classification or district of any property within the City of Solon, Ohio, shall not become effective after the passage thereof, until Council submits such ordinance, resolution or

other action to the electorate at a regularly scheduled election, occurring more than sixty days after the passage of the ordinance, resolution or other action and such ordinance, resolution or other action is *approved by a majority of the electors voting thereon, in this Municipality and in each ward in which the change is applicable to property in the ward*.

{¶ 7} "SECTION 2.  ZONING USE CHANGE.

{¶ 8}  "Any ordinance, resolution or other action, whether legislative or proposed by initiative petition, effecting a change in the uses permitted in a zoning use classification or district of the City of Solon, Ohio, shall not become effective after the passage thereof, until Council submits such ordinance, resolution or other action to the electorate at a regularly scheduled election, occurring more than sixty days after the ordinance, resolution or other action [and such ordinance, resolution or other action] is *approved by the majority of the electors voting thereon, in this municipality and in each ward in which the change is applicable to the property in the ward*."  (Emphasis added.)

**The Property**

{¶ 9}  Hawthorne Valley Country Club, L.L.C. ("Hawthorne Valley") and Hawthorne Golf Estates, L.L.C. ("Hawthorne Golf Estates") are limited-liability companies that own property containing about 204 acres of land in Ward 5 of Solon.  Hawthorne Valley owns approximately 142 acres of the property, which is currently being used as a golf course, and Hawthorne Golf Estates owns the remainder of the property, which is undeveloped.  The property is zoned R-1-D Single Family Residential, which allows for the development of one dwelling unit per acre.

{¶ 10} Hawthorne Valley and Hawthorne Golf Estates want to develop the property so that it has a maximum of 184 cluster senior residences on roughly 62 acres of the property while preserving in perpetuity the remaining 142 acres as a golf course or a public park protected by a conservation easement.

**Passage of Proposed Ordinance to Rezone the Property**

{¶ 11} On December 17, 2007, the Solon City Council passed Ordinance No. 2007-295, which enacted a new zoning classification designated as R-2-A Two Family Residential Senior Citizen Zoning District and, conditioned upon a majority affirmative vote of electors in both the city and Ward 5, amended the zoning code and map to rezone the property from R-1-D Single Family Residential District to R-2-A Two Family Residential Senior Citizen Zoning District. Ordinance No. 2007-295 provided:

{¶ 12} "SECTION 1. That the new Chapter 1270 of the Solon Zoning Code, a copy of which is attached hereto as Exhibit 'A' is hereby enacted.

{¶ 13} "SECTION 2. That conditioned upon a majority affirmative vote of the electors throughout the City and in Ward 5, the Solon Zoning Code and the Zoning Map be and the same hereby are, amended to rezone an approximately 204 acre area located near the southeast intersection of Aurora Road and Richmond Road, from the current R-1-D Single Family Residential District to the R-2-A Two Family Residential Senior Citizen District, a legal description of which area to be rezoned is attached hereto as Exhibit 'B' and a map thereof is attached as Exhibit 'C' and incorporated herein fully as if by reference.

{¶ 14} "SECTION 3. That pursuant to the Solon Charter Article XIV, Section 1, the Clerk of Council be, and she hereby is, authorized and directed to forward a certified copy of this Ordinance to the Cuyahoga County Board of Elections for submission to the electors at the March 4, 2008 Primary Election.

{¶ 15} "SECTION 4. That the ballot language for the proposed rezoning issue shall read as follows:

{¶ 16} " 'PROPOSED ORDINANCE

{¶ 17} " 'CITY OF SOLON

{¶ 18} " 'A Majority Affirmative Vote

{¶ 19} " 'throughout the City and in Ward 5 is necessary for passage

**{¶ 20}** " 'Shall the Ordinance rezoning an approximately 204 acre area located at the southeast intersection of Aurora Road and Richmond Road from the R-1-D Single Family Residential District to the R-2-A Two Family Residential Senior Citizen District which includes approximately 142 acres of perpetual open space be approved?

**{¶ 21}** " 'Yes.

**{¶ 22}** " 'No.' " (Emphasis added.)

### March 4, 2008 Election

**{¶ 23}** The proposed ordinance was placed on the March 4, 2008 election ballot as Issue 44. Although a majority of the electors in the city who voted on the issue voted in favor of the proposed ordinance by a margin of 4,556 to 3,606, a majority of electors in Ward 5 who voted on the issue voted against it, 828 to 598. On April 4, 2008, consistent with the charter and the proposed ordinance, the Cuyahoga County Board of Elections certified the rejection of the ordinance.

### Election Contest

**{¶ 24}** On April 15, 2008, appellants, a group of 42 city residents who had voted in the March 4 election, filed a petition in the Cuyahoga County Court of Common Pleas contesting the election pursuant to R.C. 3515.08 et seq. The petitioners requested a judgment that the ordinance had been approved by the voters. They claimed that the city charter's ward-majority requirement was ineffective because it violated Section 1f, Article II of the Ohio Constitution (addressing the power of municipalities) as well as the Equal Protection and Due Process Clauses of the United States and Ohio Constitutions.

**{¶ 25}** On June 19, 2008, the common pleas court denied the contest because the election result did not constitute a voting irregularity:

**{¶ 26}** "Pursuant to [R.C.] 3515.08 et seq. contestors are challenging the results of the March 4, 2008 election on the city of Solon Issue 44. In an election contest the court must consider was there fraud or irregularity at the election in

4

question, and if there was fraud or irregularity present, was it so great and flagrant as to render the election results doubtful. Contestors allege that the dual majority requirement constitutes a voting irregularity when a majority of city wide voters of the city of Solon approved Issue 44 yet, the issue failed to pass because the majority [of] voters within Ward 5 rejected the passage of the issue. Plaintiffs['] chief complaint about the [charter's] dual majority provision was enacted and approved by the voters of the city of Solon [sic]. Moreover the dual majority requirement applies to the entire city of Solon and is not for the benefit of a single ward. The court finds the election results did not constitute a voting irregularity as the process utilized in the vote is consistent with the procedure the electors in Solon mandated prior to approving rezoning issues."

**{¶ 27}** This cause is now before the court upon the appeal as of right by the group of residents that instituted the election contest.[1] S.Ct.Prac.R. II(1)(C)(2).

### Merits of Election Contest

**{¶ 28}** Appellants contest the March 4, 2008 election on the proposed zoning amendment, claiming that an election contest is the proper way to challenge the constitutionality of the method of tabulating votes of a referendum ordinance. To prevail on their election contest, appellants "had to establish by clear and convincing evidence that one or more election irregularities occurred and that the irregularity or irregularities affected enough votes to change or make uncertain the result of the * * * election." *Maschari v. Tone*, 103 Ohio St.3d 411, 2004-Ohio-5342, 816 N.E.2d 579, ¶ 21. Appellants assert that the court of common pleas erred in denying their election contest because the alleged

---

1. While this appeal was pending, on October 15, 2008, we dismissed a mandamus action brought by the property owners, who were represented by the same counsel as appellants here, seeking to compel Solon officials to amend the city's zoning map to reflect the zoning amendment that had been approved by a majority of the city's voters but rejected by a majority of Ward 5 voters at the March 4, 2008 election. *State ex rel. Hawthorne Valley Country Club, L.L.C. v. Patton*, 119 Ohio St.3d 1482, 2008-Ohio-5273, 894 N.E.2d 1241.

unconstitutionality of the ward-majority provision did not constitute an election irregularity cognizable in an election contest. For the following reasons, however, even if appellants are correct that the charter requirement is unconstitutional and that it constitutes an election irregularity, their contest was properly denied.

{¶ 29} First, even if appellants are correct that the ward-majority portion of the charter's concurrent-majority voting requirement for zoning changes ─ necessitating approval by both a majority of the voters in the city *and* the ward in which the zoning amendment is applicable ─ is unconstitutional, the *proposed ordinance* that they seek to enforce *itself* contained a concurrent-majority requirement:

{¶ 30} *"That conditioned upon a majority affirmative vote of the electors throughout the City and in Ward 5*, the Solon Zoning Code and the Zoning Map be and the same hereby are, amended to rezone an approximately 204 acre area located near the southeast intersection of Aurora Road and Richmond Road, from the current R-1-D Single Family Residential District to the R-2-A Two Family Residential Senior Citizen District, a legal description of which area to be rezoned is attached hereto as Exhibit 'B' and a map thereof is attached as Exhibit 'C' and incorporated herein fully as if by reference." (Emphasis added.)

{¶ 31} Because the Solon City Council expressly conditioned the effectiveness of the rezoning sought by appellants on the concurrent-majority requirement, the mere fact that the charter provision may be unconstitutional does not entitle appellants to the requested relief.

{¶ 32} Second, even if appellants' argument could be interpreted to also attack the ward-majority requirement of the ordinance, this provision is so interconnected with the general scope of the ordinance so as to make it impossible to give effect to the apparent legislative intent without it. Cf. *State v. Sterling*, 113 Ohio St.3d 255, 2007-Ohio-1790, 864 N.E.2d 630, ¶ 40-41; see also *Frecker v. Dayton* (1950), 153 Ohio St. 14, 26, 41 O.O. 109, 90 N.E.2d 851 ("rule, as to

the severability of statutes and the elimination of unconstitutional provisions, applies to municipal ordinances"). That is, the city council imposed the concurrent-majority requirement as an express *condition* on the effectiveness of the rezoning. See, e.g., *Thompson v. K.F.B. Ins. Co.* (1993), 252 Kan. 1010, 1023-1024, 850 P.2d 773 (constitutional portion of statute cannot be severed from unconstitutional portion where the latter portion is a condition of the former); *South Carolina Tax Comm. v. United Oil Marketers, Inc.* (1991), 306 S.C. 384, 388, 412 S.E.2d 402 (if constitutional and unconstitutional parts of act are so connected with each other that they depend or are conditioned on each other, the entire act is void).

**{¶ 33}** Therefore, the ward-majority requirement of the ordinance is incapable of being severed from the remainder of the ordinance. Consequently, even if appellants were able to establish that the charter requirement is unconstitutional and that this constitutes an election irregularity, they would not be entitled to the requested amendment to the zoning map because they do not attack the validity of the same requirement in the ordinance that they request to be enforced. Moreover, that requirement is not capable of being severed from the remainder of the ordinance because the city council expressly conditioned the effectiveness of the rezoning on the concurrent-majority requirement.

### Constitutional Claim

**{¶ 34}** By so holding, we need not decide appellants' constitutional claim. "[C]ourts decide constitutional issues only when absolutely necessary." See *Smith v. Leis*, 106 Ohio St.3d 309, 2005-Ohio-5125, 835 N.E.2d 5, ¶ 54. Nor need we determine whether the claim, if true, would constitute an election irregularity. See *In re Election Contest of Democratic Primary Held May 4, 1999 for Clerk, Youngstown Mun. Court* (2000), 88 Ohio St.3d 258, 267, 725 N.E.2d 271 (court need not determine both prongs of election-contest claim if contestor fails to establish one of them by the requisite clear and convincing evidence).

This result is consistent with the " 'cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more.' " *State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 34, quoting *PDK Laboratories, Inc. v. United States Drug Enforcement Administration* (C.A.D.C.2004), 362 F.3d 786, 799 (Roberts, J., concurring in part and in the judgment); see also *State ex rel. Lorain v. Stewart*, 119 Ohio St.3d 222, 2008-Ohio-4062, 893 N.E.2d 184, ¶ 39.

### Conclusion

**{¶ 35}** Based on the foregoing, appellants cannot establish by the requisite clear and convincing evidence that any claimed election irregularity affected enough votes to change or make uncertain the election result that the zoning amendment failed. *Squire v. Geer*, 117 Ohio St.3d 506, 2008-Ohio-1432, 885 N.E.2d 213, ¶ 36. Therefore, we affirm the judgment of the court of common pleas denying the election contest.

Judgment affirmed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., dissents.

————————————

**PFEIFER, J., dissenting.**

**{¶ 36}** I would hold that the relators appropriately brought this case as an election contest. At heart, this case is about the counting of votes. Specifically, the issue is whether Ward 5 votes should have been counted as part of the municipality-wide vote on Issue 44 or whether they should have been granted extra significance and counted as part of an essentially separate election. I would hold that no special significance should have been given to the Ward 5 votes and that they should have been counted equally with the rest of the municipality's votes.

_____

Berns, Ockner & Greenberger, L.L.C., Jordan Berns, Sheldon Berns, Benjamin J. Ockner, Gary F. Werner, and Timothy J. Duff, for appellants.

Rademaker, Matty, McClelland & Greve, Robert C. McClelland, David J. Matty, and Shana A. Samson, for appellees.

Schottenstein, Zox & Dunn Co., L.P.A., Stephen L. Byron, Rebecca K. Schaltenbrand, and Stephen J. Smith; and Ohio Municipal League and John Gotherman, urging affirmance for amicus curiae Ohio Municipal League.

The Law Offices of Walter Mendenhall, Inc., Walter Mendenhall, and Jacquenette S. Corgan, urging affirmance for amicus curiae Peter K. Ormond.

_____