THE STATE EX REL. SUNSET ESTATE PROPERTIES, L.L.C., ET AL., APPELLEES, *v.* THE VILLAGE OF LODI, APPELLANT.

[Cite as *State ex rel. Sunset Estate Properties, L.L.C., v. Lodi*, 142 Ohio St.3d 351, 2015-Ohio-790.]

(No. 2013–1856—Submitted September 10, 2014—Decided March 10, 2015.)

_____

O'NEILL, J.

{¶ 1} In this case, we are asked to determine whether Section 1280.05(a) of the zoning code of the village of Lodi is unconstitutional on its face. We conclude that a portion of it is.

## Facts and Procedural History

{¶ 2} The facts in this case are largely undisputed by the parties. Appellees, Sunset Estate Properties, L.L.C., and Meadowview Village, Inc., each own property in the village of Lodi on which they operate licensed manufactured-home parks (also called "mobile-home parks" herein). Both properties are in areas currently zoned as R–2 Districts, and R–2 Districts do not permit manufactured-home parks. Because the mobile-home parks in this case existed prior to the passage of the ordinance creating the R–2 Districts, the mobile-home parks are legal nonconforming uses under R.C. 713.15.

{¶ 3} In 1987, appellant, the village of Lodi, passed an ordinance enacting Lodi Zoning Code 1280.05(a), a provision addressing discontinuation or abandonment of nonconforming uses. In general, the provision states that when a nonconforming use has been discontinued for six months, that discontinuance is conclusive evidence of the intention to legally abandon the nonconforming use. The final sentence of Lodi Zoning Code 1280.05(a) is specific to mobile homes. The provision states that the absence or removal of a mobile home from its lot constitutes discontinuance from the time of removal. In reliance on this provision, when a tenant left one of appellees' mobile-home-park lots and the lot was vacant for longer than six months, Lodi would refuse to reconnect water and electrical service when a new tenant wanted to rent the lot. As a result, appellees were not able to rent these lots and essentially lost a property right as to that portion of their property.

{¶ 4} Appellees filed a complaint against Lodi seeking a declaratory judgment, a mandatory injunction, and a writ of mandamus. They requested a declaration from the trial court that the ordinance is unconstitutional and that the ordinance constitutes a taking of their properties. They also sought a mandatory injunction and a writ of mandamus ordering Lodi to institute appropriation proceedings. The trial court granted summary judgment in favor of Lodi on all counts. The court concluded that the zoning ordinance is not unconstitutional on its face or as applied, that it does not constitute an unreasonable interference with appellees' property rights as guaranteed by the United States and Ohio Constitutions, and that the ordinance does not constitute a taking of appellees' property. Appellees appealed, asserting that the trial court erred in granting summary judgment in favor of Lodi. The Ninth District agreed and reversed the trial court's judgment. The court concluded that the zoning ordinance was unconstitutional on its face. The appellate court ordered the cause remanded to the trial court to determine the appropriate remedy for appellees.

{¶ 5} Lodi appeals to this court asserting the following proposition of law: "A municipal zoning ordinance which precludes a property owner from re-establishing a nonconforming use after a specified period of nonuse does not facially

violate the due process clauses of the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution."

## Analysis

{¶ 6} We review de novo a decision granting or denying summary judgment. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24.

{¶ 7} "In a facial challenge to a zoning ordinance, the challenger alleges that the overall ordinance, on its face, has no rational relationship to a legitimate governmental purpose and it may not constitutionally be applied under any circumstances." *Jaylin Invests., Inc. v. Moreland Hills*, 107 Ohio St.3d 339, 2006-Ohio-4, 839 N.E.2d 903, ¶ 11, citing *State ex rel. Bray v. Russell*, 89 Ohio St.3d 132, 137, 729 N.E.2d 359 (2000) (Cook, J., dissenting). *See also State v. Beckley*, 5 Ohio St.3d 4, 7, 448 N.E.2d 1147 (1983).

{¶ 8} "This court has consistently approved the constitutionality of comprehensive zoning ordinances * * *." *Akron v. Chapman*, 160 Ohio St. 382, 385, 116 N.E.2d 697 (1953). "Zoning is a valid legislative function of a municipality's police powers." *Jaylin Invests.* at ¶ 10, citing *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926); Article I, Section 19, Ohio Constitution ("Private property shall ever be held inviolate, but subservient to the public welfare"). "[A] strong presumption exists in favor of the validity of [an] ordinance." *Hudson v. Albrecht, Inc.*, 9 Ohio St.3d 69, 71, 458 N.E.2d 852 (1984), citing *Downing v. Cook*, 69 Ohio St.2d 149, 151, 431 N.E.2d 995 (1982). "The basis for this presumption is that the local legislative body is familiar with local conditions and is therefore better able than the courts to determine the character and degree of regulation required." *Id.*, citing *Wilson v. Cincinnati*, 46 Ohio St.2d 138, 142, 346 N.E.2d 666 (1976).

{¶ 9} As this case demonstrates, there are occasions when a particular land use predates a zoning ordinance. In such cases, the property owner's use of the property remains legal but is considered a nonconforming use. The Ohio Revised Code has a general provision addressing nonconforming land use. R.C. 713.15 provides:

> The lawful use of any dwelling, building, or structure and of any land or premises, as existing and lawful at the time of enacting a zoning ordinance or an amendment to the ordinance, may be continued, although such use does not conform with the provisions of such ordinance or amendment, but if any such nonconforming use is voluntarily discontinued for two years or more, or for a period of not less than six months but not more than two years that a municipal corporation otherwise provides by ordinance, any

future use of such land shall be in conformity with sections 713.01 to 713.15 of the Revised Code.

{¶ 10} "Zoning ordinances contemplate the gradual elimination of nonconforming uses within a zoned area, and, where an ordinance accomplishes such a result without depriving a property owner of a vested property right, it is generally held to be constitutional." (Emphasis deleted.) *Chapman,* 160 Ohio St. at 386, 116 N.E.2d 697. Courts have upheld both the denial of the right to resume a nonconforming use after a period of nonuse and "[t]he denial of the right to substitute new buildings for those devoted to an existing nonconforming use and to add or extend such buildings * * *. See 58 American Jurisprudence, 1026 and 1029, Sections 156, 158 and 162 and [*State ex rel. City Ice & Fuel Co. v. Stegner,* 120 Ohio St. 418, 166 N.E. 226 (1929)]." *Chapman* at 386–387. *See also Brown v. Cleveland,* 66 Ohio St.2d 93, 96, 420 N.E.2d 103 (1981), quoting *Chapman* at paragraph one of the syllabus (" 'Uses which do not conform to valid zoning legislation may be regulated, and even girded to the point that they wither and die' "); *Curtiss v. Cleveland,* 170 Ohio St. 127, 163 N.E.2d 682 (1959); *Davis v. Miller,* 163 Ohio St. 91, 95–97, 126 N.E.2d 49 (1955) (Taft, J., concurring).

{¶ 11} The authority of state and local governments to regulate land use is vast but not unbounded:

> The right to continue to use one's property in a lawful business and in a manner which does not constitute a nuisance and which was lawful at the time such business was established is within the protection of Section 1, Article XIV, Amendments, United States Constitution, and Section 16, Article I of the Ohio Constitution, providing that no person shall be deprived of life, liberty or *property* without due process of law.

(Emphasis sic.) *Chapman* at paragraph two of the syllabus.

{¶ 12} In *Chapman,* this court recognized that the definition of "property" includes the unrestricted possession, use, enjoyment, and disposal of lands or chattels. And "[a]nything which destroys any of these elements of property, to that extent destroys the property itself. The substantial value of property lies in its use. If the right of use is denied, the value of the property is annihilated and ownership is rendered a barren right." *Id.* at 388, 116 N.E.2d 697, citing *Spann v. Dallas,* 111 Tex. 350, 235 S.W. 513 (1921), and *O'Connor v. Moscow,* 69 Idaho 37, 202 P.2d 401 (1949).

{¶ 13} Here, the village of Lodi enacted the following zoning ordinance regarding nonconforming land use:

> Whenever a nonconforming use has been discontinued for a period of six months or more, such discontinuance shall be considered conclusive evidence of an intention to legally abandon the nonconforming use. At the end of the six-month period of abandonment, the nonconforming use shall not be re-established, and any further use shall be in conformity with the provisions of this Zoning Code. In the case of nonconforming mobile homes, their absence or removal from the lot shall constitute discontinuance from the time of absence or removal.

Lodi Zoning Code 1280.05(a).

{¶ 14} Lodi argues that it enacted Lodi Zoning Code 1280.05(a) in order to protect property values and encourage the development of surrounding properties. Lodi asserts that its goals for the ordinance are unquestionably permissible and that the ordinance is unquestionably rationally related to these goals. In support of this assertion, it cites *Cent. Motors Corp. v. Pepper Pike*, 73 Ohio St.3d 581, 653 N.E.2d 639 (1995), which noted that courts have "consistently recognized that a municipality may properly exercise its zoning authority to preserve the character of designated areas in order to promote the overall quality of life within the city's boundaries," *id.* at 585. *Cent. Motors* provides little support to Lodi's position in this case. It is true that we upheld the constitutionality of the zoning ordinance at issue in *Cent. Motors*; however, the property owners in *Cent. Motors* were seeking to change the zoning law to accommodate their desire to develop the property. In this case, the property owners are seeking to maintain a legal nonconforming use.

{¶ 15} The Fourteenth Amendment to the United States Constitution and Article I, Section 16 of the Ohio Constitution provide that no person shall be deprived of life, liberty, or *property* without due process of law. The plain language of the last sentence of the ordinance imputes a tenant's abandonment of a lot within a mobile-home park to the park's owner. In so doing, the provision impermissibly deprives the owner of the park of the right to continue the use of its entire property in a manner that was lawful prior to the establishment of the zoning ordinance. Pursuant to the due-process clauses of the United States and Ohio Constitutions, this impermissible deprivation of the vested private-property rights of mobile-home-park owners defeats Lodi's argument that the provision is rationally related to its legitimate goals of protecting property values and encouraging development. Thus, the last sentence of the ordinance is an unconstitutional deprivation of a property right and may not be applied.

**Severability**

{¶ 16} R.C. 1.50 provides that statutory provisions are presumptively severable: "If any provision of a section of the Revised Code or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the section or related sections which can be given effect without the invalid provision or application, and to this end are severable."

{¶ 17} Determining whether a provision is severable requires application of the following three-part inquiry:

> " '(1) Are the constitutional and the unconstitutional parts capable of separation so that each may be read and may stand by itself? (2) Is the unconstitutional part so connected with the general scope of the whole as to make it impossible to give effect to the apparent intention of the Legislature if the clause is taken out? (3) Is the insertion of words or terms necessary in order to separate the constitutional part from the unconstitutional part, and to give effect to the former only?' "

*State v. Hochhausler*, 76 Ohio St.3d 455, 464–465, 668 N.E.2d 457 (1996), quoting *Geiger v. Geiger*, 117 Ohio St. 451, 466, 160 N.E. 28 (1927), quoting *State v. Bickford*, 28 N.D. 36, 147 N.W. 407 (1914), paragraph nineteen of the syllabus. *See also Rzepka v. Solon*, 121 Ohio St.3d 380, 2009-Ohio-1353, 904 N.E.2d 870, ¶ 32, quoting *Frecker v. Dayton*, 153 Ohio St. 14, 90 N.E.2d 851 (1950) (Taft, J., dissenting) (" '[the] rule, as to the severability of statutes and the elimination of unconstitutional provisions, applies to municipal ordinances' ").

{¶ 18} Here, the unconstitutional final sentence in Lodi Zoning Code 1280.05(a) can be severed from the rest of the ordinance because the remaining portion of the ordinance can stand by itself without inserting any words and its intended effect is not altered. We affirm the judgment of the Ninth District and remand this case to the trial court to determine what remedy is appropriate.

Judgment affirmed
and cause remanded.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, and LANZINGER, JJ., concur.

KENNEDY and FRENCH, JJ., dissent.

---

**KENNEDY, J., dissenting.**

{¶ 19} Respectfully, I dissent. I would hold that the court of appeals failed to exercise judicial restraint in deciding this case on constitutional grounds without

first fully addressing nonconstitutional issues that could have resolved this case. Therefore, I would vacate the judgment of the court of appeals and remand the cause for the court of appeals to address the nonconstitutional issues.

{¶ 20} Appellees, Sunset Properties, L.L.C. ("Sunset"), and Meadowview Village, Inc. ("Meadowview"), filed an amended complaint seeking a declaratory judgment, a mandatory injunction, and a writ of mandamus. Generally, the complaint alleged that Lodi Zoning Code 1280.05(a), which defines the manner in which a nonconforming use is terminated, prohibited Sunset and Meadowview from using their properties for the permitted, nonconforming use of manufactured-home parks. The complaint was based on several theories, including that Lodi Zoning Code 1280.05(a) conflicted with state law and that it did not authorize the village to classify individual lots in a manufactured-home park as nonconforming uses.

{¶ 21} The trial court granted summary judgment to appellant, the village of Lodi, holding that "[t]he Village of Lodi Zoning Ordinance Section 1280.05 is not unconstitutional or in conflict with state law[, and] [t]he Zoning Ordinance does not amount to a regulatory taking of the Plaintiffs' property."

{¶ 22} On appeal, Sunset and Meadowview raised a single assignment of error: "The trial court erred by denying plaintiff-appellants' motion for summary judgment and granting defendant's-appellee's motion for summary judgment." In an opinion to which two judges on the panel concurred in judgment only, the court of appeals held that Lodi Zoning Code 1280.05(a) is unconstitutional on its face.

{¶ 23} "It is well settled that this court will not reach constitutional issues unless absolutely necessary." *State v. Talty,* 103 Ohio St.3d 177, 2004-Ohio-4888, 814 N.E.2d 1201, ¶ 9; *see also Hall China Co. v. Pub. Util. Comm.,* 50 Ohio St.2d 206, 210, 364 N.E.2d 852 (1977); *State ex rel. Hofstetter v. Kronk,* 20 Ohio St.2d 117, 119, 254 N.E.2d 15 (1969). "Even when one of the parties has raised a constitutional issue, we do not decide on that basis unless and until absolutely necessary." *Smith v. Landfair,* 135 Ohio St.3d 89, 2012-Ohio-5692, 984 N.E.2d 1016, ¶ 13. Therefore, "where a case can be resolved upon other grounds the constitutional question will not be determined." *Kinsey v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund of Ohio,* 49 Ohio St.3d 224, 225, 551 N.E.2d 989 (1990). It follows that courts should exercise judicial restraint and determine whether a case can be resolved based on nonconstitutional issues before considering constitutional issues. *See Mahoning Edn. Assn. of Dev. Disabilities v. State Emp. Relations Bd.,* 137 Ohio St.3d 257, 2013-Ohio-4654, 998 N.E.2d 1124 (the court determined that a review of whether R.C. 4117.11(B)(8) was constitutional was unnecessary because the case could be resolved through statutory interpretation); *Norandex, Inc. v. Limbach,* 69 Ohio St.3d 26, 28, 630

N.E.2d 329 (1994) (the court first considered whether the purchases at issue qualified for a retail-sales exception, and only if the purchases did not qualify for the exception did the court address the interstate-commerce-clause issue).

{¶ 24} The sole basis for the court of appeals' holding in this case was that Lodi Zoning Code 1280.05(a) is unconstitutional on its face. However, in its analysis, the court of appeals found Lodi Zoning Code 1280.05(a) to be ambiguous with regard to whether Lodi intended to classify individual lots in a manufactured-home park as nonconforming uses. 2013-Ohio-4973, 2013 WL 6021470, ¶ 4, 19–23. Ultimately, the court of appeals concluded that "there is no evidence that the village has enacted any zoning resolution or ordinance to indicate anything other than that the manufactured home park as a *whole* rather than individual lots within the park shall be considered the nonconforming use." (Emphasis added.) *Id.* at ¶ 23. In light of this conclusion, it is unclear why the court of appeals never addressed whether Lodi Zoning Code 1280.05(a) authorized Lodi to extinguish the nonconforming use of the properties in question lot by lot.

{¶ 25} Moreover, the court of appeals never completed an analysis of whether Lodi Zoning Code 1280.05(a) conflicts with state law. *See Sheffield v. Rowland,* 87 Ohio St.3d 9, 10, 716 N.E.2d 1121 (1999) (Article XVIII, Section 3 of the Ohio Constitution permits municipalities "to adopt and enforce within their limits" local police-power regulations, such as zoning regulations, so long as they do not conflict with state law). Had the court of appeals fully explored this issue and determined that there was a conflict between Lodi Zoning Code 1280.05(a) and state law, the court could have resolved this case without having to consider the constitutionality of Lodi Zoning Code 1280.05(a).

{¶ 26} Therefore, I would hold that the court of appeals should have exercised judicial restraint by analyzing whether it was proper for Lodi to apply Lodi Zoning Code 1280.05 to the properties in question and considering whether there is a conflict between Lodi Zoning Code 1280.05(a) and state law before considering the constitutionality of the zoning provision. I express no opinion on how these issues should be resolved. Rather, I merely believe that the court of appeals was required to consider these issues before it considered the constitutionality of Lodi Zoning Code 1280.05(a). Accordingly, I would vacate the judgment of the court of appeals and remand the cause to the court of appeals to consider the aforementioned nonconstitutional issues. Therefore, I respectfully dissent.

FRENCH, J., concurs in the foregoing opinion.

———————

Mansour Gavin, L.P.A., John W. Monroe, and Tracey S. McGurk, for appellees.

Brouse McDowell, L.P.A., Irving B. Sugerman, Caroline L. Marks, and Alexandra V. Dattilo, for appellant.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Michael J. Hendershot, Chief Deputy Solicitor, Jeffrey Jarosh, Deputy Solicitor, and Hilary R. Damaser, Principal Assistant Attorney General, urging vacation of judgment for amicus curiae state of Ohio.

Elizabeth Birch, urging affirmance for amicus curiae Ohio Manufactured Homes Association.

John Gotherman, urging reversal for amicus curiae Ohio Municipal League.