[Cite as *Concord Real Estate Invest., L.L.C. v. Concord Twp. Joint Economic Dev. Dist.*, 2022-Ohio-3976.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| CONCORD REAL ESTATE INVESTMENTS, LLC, | CASE NO. 2021-L-001 |
| Plaintiff-Appellee, | Civil Appeal from the Court of Common Pleas |
| - v - | |
| CONCORD TOWNSHIP-CITY OF PAINESVILLE JOINT ECONOMIC DEVELOPMENT DISTRICT, et al., | Trial Court No. 2019 CV 000098 |
| Defendants-Appellants. | |

**O P I N I O N**

Decided: November 7, 2022
Judgment: Affirmed

*Anthony J. Coyne*, *John W. Monroe*, and *Danielle Marie Easton*, Mansour Gavin, LPA, 1400 North Point Tower, 1001 Lakeside Avenue, Cleveland, OH 44114 (For Plaintiff-Appellee).

*Michael C. Lucas* and *Stephanie E. Landgraf*, Wiles Richards, 37265 Euclid Avenue, Willoughby, OH 44094 (For Defendants-Appellants).

MATT LYNCH, J.

{¶1} Defendants-appellants, Concord Township-City of Painesville Joint Economic Development District, Concord Township and Concord Township Board of Trustees (collectively the "Joint Economic Development District") appeal the judgment of the Lake County Court of Common Pleas, finding that plaintiff-appellee, Concord Real Estate Investments, LLC, met the statutory criteria for standing to seek an exemption from any income tax imposed by the Joint Economic Development District. For the following

reasons, we affirm the decision of the court below.

{¶2} On January 17, 2019, Concord Real Estate filed a Complaint against the Joint Economic Development District, the City of Painesville, and the Painesville City Council. Concord Real Estate is a certified Domestic Limited Liability Company engaged in the business of selling and developing real estate. The Complaint alleged that it was the owner of four parcels of real estate located within the District that it intended to develop and sought an income-tax exemption pursuant to R.C. 715.72(Q).

{¶3} On July 17, 2019, the Joint Economic Development District filed a Motion for Summary Judgment on the grounds that Concord Real Estate "has no standing to seek this declaration of exemption because [it] is a record owner of * * * four (4) parcels of property [within the District] only and does not operate any business within the relevant four (4) parcels as expressly required by R.C. 715.72(Q)."

{¶4} On May 15, 2020, the trial court denied the Joint Economic Development District's Motion for Summary Judgment.

{¶5} A bench trial was held on the merits of the Complaint.

{¶6} On October 29, 2020, the trial court rendered its judgment, finding that Concord Real Estate was exempt from income taxes imposed by the Joint Economic Development District.

{¶7} On January 4, 2021, the Joint Economic Development District filed a Notice of Appeal. On appeal, the District raises the following assignment of error: "The Trial Court committed prejudicial error in denying Appellants' Motion for Summary Judgment based upon its determination that Appellee had standing as the owner of a business operating within the JEDD to file a complaint on behalf of the business and its employees,

2

Case No. 2021-L-001

requesting exemption from any income tax imposed by the JEDD."

{¶8} The grant or denial of a motion for summary judgment is reviewed de novo by an appellate court. *State ex rel. Sunset Estate Properties, L.L.C. v. Lodi*, 142 Ohio St.3d 351, 2015-Ohio-790, 30 N.E.3d 934, ¶ 6. The issue on appeal in the present case is one of statutory interpretation to which the de novo standard of review also applies. *Gabbard v. Madison Local School Dist. Bd. of Edn.*, 165 Ohio St.3d 390, 2021-Ohio-2067, 179 N.E.3d 1169, ¶ 6. Accordingly, "[w]e owe no deference to the lower court's decision, nor are we limited to choosing between the different interpretations of a statute presented by the parties." *Id.* "The parties may espouse arguments regarding the meaning of a statute, but in the end, it is the courts that have the authority and the duty to 'say what the law is.'" (Citation omitted.) *Id.*

{¶9} Concord Real Estate has owned real property intended to be developed as light manufacturing industrial in Concord Township since 2005. In November 2018, Concord Township and the City of Painesville entered into a contract to create the Concord Township-City of Painesville Joint Economic Development District (generically known as a JEDD) which includes four parcels of property owned by Concord Real Estate. The stated goal of the Joint Economic Development District is "to further economic development of the Auburn-Crile Road Business Corridor" by "provid[ing] a funding mechanism to address infrastructure and safety issues without increasing property taxes across the Township." The funding mechanism in question is "a 1.75% income tax that is levied on all employees of JEDD members and the business net profits."

{¶10} The statute governing JEDDs provides for an exemption from the income tax upon the following terms:

3

Case No. 2021-L-001

(1) On or before the date occurring six months after the effective date of the district contract, an owner of a business operating within the district may, on behalf of the business and its employees, file a complaint with the court of common pleas of the county in which the majority of the territory of the district is located requesting exemption from any income tax imposed by the board of directors of the district under division (F)(5) of this section if all of the following apply:

> (a) The business operated within an unincorporated area of the district before the effective date of the district contract;

> (b) No owner of the business signed a petition described in division (J) of this section [consenting to the creation of a JEDD];

> (c) Neither the business nor its employees has derived or will derive any material benefit from the new, expanded, or additional services, facilities, or improvements described in the economic development plan for the district, or the material benefit that has, or will be, derived is negligible in comparison to the income tax revenue generated from the net profits of the business and the income of employees of the business.

The legislative authority of each contracting party shall be made a party to the proceedings and the business owner filing the complaint shall serve notice of the complaint by certified mail to each such contracting party. The court shall not accept any complaint filed more than six months after the effective date of the district contract.

R.C. 715.72(Q).

{¶11} Following the bench trial, the trial court determined that Concord Real Estate satisfied the requirements for an exemption set forth in divisions (Q)(1)(a) to (c) and the Joint Economic Development District does not challenge these findings on appeal. Rather, the District argues that Concord Real Estate does not have standing, i.e., meet the statutory requirements, to seek an exemption in the first place as was argued in its Motion for Summary Judgment. The parties acknowledge that this is a question of first impression.

{¶12} The Joint Economic Development District relies upon the statutory

4

language that "an owner of a business operating within the district may, on behalf of the business and its employees, file a complaint * * *." R.C. 715.72(Q)(1). According to the District, Concord Real Estate does not meet the definition of a business "operating within the district" inasmuch as it is merely the owner of property within the District. Moreover, Concord Real Estate cannot meet the requirement that the complaint be "on behalf of the business and its employees" inasmuch as there are no employees on the property in question.

{¶13} "Owner" is defined under the statute as "a partner of a partnership, a member of a limited liability company, a majority shareholder of an S corporation, a person with a majority ownership interest in a pass-through entity, or any officer, employee, or agent with authority to make decisions legally binding upon a business." R.C. 715.72(A)(5). As a limited liability company, Concord Real Estate has the capacity to sue and be sued as well as make legally binding decisions. R.C. 1706.05(C) and (D). It is also the entity that holds title to the subject parcels of real estate. Accordingly, it satisfies the definition of an "owner" under the statute.

{¶14} "Business" is defined under the statute as "a sole proprietorship, a corporation for profit, a pass-through entity as defined in section 5733.04 of the Revised Code, the federal government, the state, the state's political subdivisions, a nonprofit organization, or a school district." R.C. 715.72(A)(4). Section 5733.04(O) of the Revised Code defines a "[p]ass-through entity," in relevant part, as a "limited liability company." Accordingly, Concord Real Estate satisfies the definition of a "business" under the statute.

{¶15} "A business 'operates within' a district if the net profits of the business or the income of employees of the business would be subject to an income tax levied within

5

the district." R.C. 715.72(A)(7). Emphasizing that "operates" is in the present tense, the Joint Economic Development District interprets this definition to mean that a business must have net profits or employee income "at the time of the filing of its Complaint under R.C. 715.72." Appellants' reply brief at 4. Given that Concord Real Estate's "four (4) parcels of property at all relevant times are vacant, not generating any net profits," and "devoid of any employees with which to generate any income tax," it cannot meet the definition of "operates within." Appellants' reply brief at 5.

{¶16} Concord Real Estate, on the other hand, emphasizes the conditional mood of the "would be" to argue that "[t]here is no requirement that [it] must show income every year to be considered a business operating within the district, only a requirement to show that any net profits would be subject to the income tax." Appellee's brief at 9.

{¶17} Faced with these conflicting but plausible interpretations of the statutory language, we find Concord Real Estate's position to be the more reasonable in light of the stated purpose for creation of JEDDs: "One or more municipal corporations, one or more townships, and * * * one or more counties may enter into a contract pursuant to which they designate one or more areas as a joint economic development district for the purpose of facilitating economic development and redevelopment, to create or preserve jobs and employment opportunities, and to improve the economic welfare of the people in this state and in the area of the contracting parties." R.C. 715.72(C). The purpose of a JEDD is not limited to the fostering of pre-existing businesses, but encompasses the development of land within the district **to create** jobs and employment opportunities in addition to their preservation. *Naylor v. Cardinal Local School Dist. Bd. of Edn.*, 69 Ohio St.3d 162, 168, 630 N.E.2d 725 (1994) ("[w]e are * * * guided by the well-established

6

Case No. 2021-L-001

principle that a statute susceptible of either of two opposing interpretations must be read in the manner which effectuates, rather than frustrates, the major purpose of the General Assembly"); *Carter v. Div. of Water*, 146 Ohio St. 203, 65 N.E.2d 63 (1946), paragraph one of the syllabus; R.C. 1.49(A) ("the court, in determining the intention of the legislature, may consider * * * [t]he object sought to be attained").

{¶18} This broad purpose is reflected in the Joint Economic Development District's promotional materials advertising the benefits of membership in the District:

> Members who own either vacant land, or existing buildings, who want to develop or redevelop their property, receive aggressive marketing of their property at local, regional and national venues.
>
> Members receive a directory of all contacts and resources needed to navigate through new construction or development in the JEDD.
>
> Members have access and support from local Economic Development professionals to increase your property's exposure to area site selectors and development entities.

Similarly, the Joint Economic Development District makes available to members "expanding in or relocating to" the District incentive grants "to establish or expand operations in the JEDD area, and to retain and create jobs." These same promotional materials explain that membership is open to "property owners and business owners" located within the District.

{¶19} The Joint Economic Development District notes that the statute draws a distinction between an "owner," defined above, and a "record owner," who is a "person or persons in whose name a parcel is listed on the tax list or exempt list compiled by the county auditor under section 319.28 or 5713.08 of the Revised Code." R.C. 715.72(A)(6). Thus, Concord Real Estate could be a "record owner" for the purposes of membership in the District but not "an owner * * * operating in the district" for the purposes of seeking an

7

exemption.  While the District is correct that the statute distinguishes between an "owner" and a "record owner," in the present case Concord Real Estate meets the definition of an "owner" as well as a "record owner," and, moreover, an owner that "operates within" the District.

{¶20}  The evidence is that Concord Real Estate has marketed the four parcels of land for sale since the creation of the District and has sold other properties in the area (but not within the District boundaries) generating net profits.  Concord Real Estate maintains that if the properties within the District sold they would generate net profits subject to the income tax.  The District has not denied this.  Accordingly, we find that Concord Real Estate is a business operating within the District inasmuch as any future net profits derived from the sale of the properties would be subject to the income tax.

{¶21}  The second part of the Joint Economic Development District's argument is that, even if Concord Real Estate did operate within the District, it cannot meet the "requirement that the owner of a business seeking such exemption may do so only on behalf of the business and its employees" because it "has no employees within the District."  Appellants' brief at 8.  The District maintains the statutory language that a business "may, on behalf of the business and its employees, file a complaint" means that a complaint can only be filed if the business has employees as well as net profits. Concord Real Estate construes this language parenthetically, i.e., the "language is not essential to the meaning of the statute and it is merely explanatory."  Appellee's brief at 13.  Again, we find the Joint Economic Development District's interpretation to be neither reasonable nor just in light of the statute's overall purpose and operation.

{¶22}  In the first place, the Joint Economic Development District's interpretation

8

Case No. 2021-L-001

is contrary to the ordinary sense of the words. *State v. Mohamed*, 151 Ohio St.3d 320, 2017-Ohio-7468, 88 N.E.3d 935, ¶ 13 ("[w]e start, as we always do in cases of statutory interpretation, with the plain and ordinary meaning of the statutory language"). In its plain or ordinary sense, this sentence provides that a business may file a complaint on behalf of the business and it may file a complaint on behalf of its employees. Nothing more needs to be read into the passage. Moreover, the plain sense of the words serves a purpose in the statutory context. The District is authorized to impose an income tax "based on both the income earned by persons employed or residing within the district and the net profit of businesses operating within the district." R.C. 715.72(F)(5)(b). Only the owner of a business, however, is entitled to seek an exemption. The language at issue clarifies that the exemption applies to the business' employees as well as to the business.

{¶23} Nor is the Joint Economic Development District's interpretation of which businesses may seek an exemption a just one. The District's interpretation would limit the right of exemption to those businses having employees within the District, although, as noted above, both employee income and net profits are subject to the income tax. That being so, there is no obvious justification for allowing those businesses with employees to seek an exemption while those businesses without employees are denied that possibility. If a business is to be subjected to an income tax, especially if, as in the case of Concord Real Estate, inclusion in the JEDD was involuntary, that business should have the opportuniy to avoid the tax if it can demonstrate that it has neither derived, nor will it derive, a material benefit by its inclusion. Here, the relevant statutory provision, reasonably interpreted, affords such an opportunity. R.C. 1.47(C) ("[i]n enacting a statute, it is presumed that * * * [a] just and reasonable result is intended").

9

Case No. 2021-L-001

{¶24} Accordingly, we find that Concord Real Estate qualifies as the owner of a business operating within the District for the purposes of filing a complaint requesting an exemption. The sole assignment of error is without merit.

{¶25} For the foregoing reasons, the judgment of the Lake County Court of Common Pleas, finding that Concord Real Estate met the statutory criteria for standing to seek an income tax exemption, is affirmed. Costs to be taxed against the appellants.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.

Case No. 2021-L-001