[Cite as *Koscielak v. United Ohio Ins. Co.*, 2020-Ohio-3224.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## DEFIANCE COUNTY

ANGELA A. KOSCIELAK,

    PLAINTIFF-APPELLANT,            CASE NO.  4-19-20

    v.

UNITED OHIO INSURANCE COMPANY,

                              O P I N I O N

    DEFENDANT-APPELLEE.

Appeal from Defiance County Common Pleas Court
Trial Court No. 18 CV 44410

**Judgment Affirmed**

**Date of Decision:   June 8, 2020**

APPEARANCES:

    *Ian A. Weber* **for Appellant**

    *Christine N. Farmer* **for Appellee, United Ohio Insurance Company**

**SHAW, P.J.**

{¶1} Plaintiff-appellant, Angela A. Koscielak ("Koscielak"), brings this appeal from the October 16, 2019 judgment of the Defiance County Common Pleas Court granting summary judgment to defendant-appellee, United Ohio Insurance Company ("United"). On appeal, Koscielak argues that the trial court erred by finding that there were no genuine issues of material fact in this case.

*Background*

{¶2} In January of 2015, Koscielak lived at 4163 Cicero Road in Hicksville with her husband, Jeff. Koscielak had an insurance policy through United covering the premises, a 60 x 80 "pole building," and personal property.[1] On January 9, 2015, Jeff was working in the pole barn when he noticed heavy smoke coming from the area above the sink. Jeff stated that he attempted to extinguish the fire with an extinguisher, but was unsuccessful so he called the fire department.[2]

{¶3} A deputy sheriff was the first responder to arrive at the scene and by the time he arrived, the pole barn was "fully engulfed." When the deputy sheriff arrived, he observed Jeff and Koscielak attempting to move a motorcycle away from the fire.

{¶4} The Hicksville Fire Department, Edgerton Fire Department, and Farmer Fire Department all arrived to fight the fire. Despite their efforts, Koscielak would

---

[1] The relevant policy covered the period of December 28, 2014, to December 28, 2015.
[2] Koscielak would later state that she came out and used fire extinguishers to try and put the fire out.

later claim the pole building and all the personal property inside was a "total loss." The deputy sheriff's report indicated that the fire had an undetermined cause, and that it was still under investigation at that time.

{¶5} Koscielak filed a claim with United for the policy limits related to the pole building, which were $14,800 for other structure loss, $103,600 for personal property loss, and $29,600 for loss of use.

{¶6} In the months after the fire, United investigated Koscielak's claim and the cause of the fire. United was also seeking an itemized list of the personal property purportedly lost.

{¶7} While the investigation was occurring, in April of 2015 Koscielak and Jeff got into a serious argument that led to Jeff being charged with domestic violence. Jeff would later claim that Koscielak told him on the night of the altercation that she started the fire on purpose while he was inside the pole barn. Koscielak and Jeff separated after this fight and were in the process of a divorce at the inception of this case.

{¶8} On August 18, 2015, Jeff was examined "under oath" by United. In the examination, Jeff stated that Koscielak's friends had told him that Koscielak talked about starting a fire for the insurance money before she had done it, and that Koscielak later told people that she started the fire. Jeff stated that eventually Koscielak herself told him that she started the fire. Jeff claimed that Koscielak had

indicated that since Jeff was in the pole building there was an added benefit because of a life insurance policy.

**{¶9}** On September 1, 2015, United's attorneys sent a letter to Koscielak indicating that United wanted to have her examined under oath on September 14, 2015. United's letter cited language from the insurance policy detailing Koscielak's duty to comply, which read as follows:

> **B.    Duties After Loss**
>
> **In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, [a]n "insured" seeking coverage, or a representative of either:**
>
> **5.    Cooperate with us in the investigation of a claim;**
>
> **6.    Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;**
>
> **7.    As often as we reasonably require:**
>
> > **(a)    Show the damaged property;**
> >
> > **(b)    Provide us with records and documents we request and permit us to make copies; and**
> >
> > **(c)    Submit to examination under oath, while not in the presence of another "insured", and sign the same.**

(Doc. No. 6, Ex. B). In addition to submitting to an examination under oath, United requested that Koscielak provide, *inter alia*, copies of documents which related to any property lost in the fire.

{¶10} Despite scheduling the examination under oath, the examination did not take place on September 14, 2015, and Koscielak did not provide the requested documentation. The examination was rescheduled for October 5, 2015. Koscielak requested that the rescheduled examination take place at the Hicksville Police Department, but the department was unable to accommodate the request, thus the examination was scheduled to proceed per the prior letter. However, Koscielak did not attend the second scheduled examination under oath and she still did not provide the requested documentation.

{¶11} Another letter was sent to Koscielak on October 15, 2015, demanding that Koscielak comply with the investigation.

{¶12} On October 27, 2015, United's attorneys sent Koscielak yet another letter demanding that she provide the requested documentation and advising her that if the documents were not received by November 4, 2015, her claim would be denied for her failure to comply.

{¶13} On November 16, 2015, Koscielak was sent a letter denying her claim, "based upon the information and evidence discovered during our investigation to date, combined with a material lack of cooperation provided by you during our

investigation." (Doc. No. 6, Ex. G). More specifically, the letter cited Koscielak's failure to provide an examination under oath, her failure to provide an inventory of the personal property lost, and her failure to provide requested documentation to support her claim. (*Id*.) The letter contained excerpts of provisions from the insurance policy that Koscielak did not comply with.

{¶14} On June 4, 2018, Koscielak filed a complaint in the Defiance County Common Pleas Court requesting that United pay her the policy limits.[3]

{¶15} On July 2, 2018, United filed a "motion for more definite statement" requesting a more definite statement of the complaint. United also requested that Koscielak produce the insurance contract upon which Koscielak based her claims as it had not been attached to the complaint.

{¶16} On July 12, 2018, Koscielak responded in writing to United's motion for a more definite statement and attached the insurance contract and the deputy sheriff's police report from the date of the fire.

{¶17} On February 19, 2019, United filed an answer to Koscielak's complaint denying the allegations and asserting ten affirmative defenses including, *inter alia*, that Koscielak failed to comply with terms and conditions of the insurance policy, thereby barring her claim.

---

[3] Statements made in the record indicate that Koscielak had previously filed suit against United but voluntarily dismissed that claim, thus this case was a refiling of that claim.

{¶18} On February 26, 2019, United filed a notice to take Koscielak's deposition on Wednesday April 24, 2019. Despite not providing United with examinations under oath previously, Koscielak's deposition was taken in this matter on the scheduled date.

{¶19} In her deposition, Koscielak stated that she was, in fact, asked to complete the examinations under oath by United but she did not. She indicated that she missed the later-scheduled examination because she had gone to Tennessee with her daughter and she did not have her mail forwarded. She stated that by the time she returned from Tennessee her claim was denied.

{¶20} Koscielak testified that she thought the fire in the pole building was "electrical," because she thought it started in a wall. She testified that Jeff's statements that she started the fire were false and she indicated she helped Jeff attempt to fight the fire.

{¶21} Koscielak additionally testified that the residence at 4163 Cicero Rd had been foreclosed upon and she was no longer the owner. She still wanted reimbursed for all her personal property lost in the fire, for the price that it would cost to rebuild the pole building, and the loss of use of the pole building. She acknowledged that United had provided her with a check for $27,090 for the face value of the pole building itself but she had not cashed the check.

{¶22} The next filing in the record was on July 29, 2019. At that time United filed a motion for summary judgment arguing that despite numerous requests for documentation and a demand for an examination under oath, Koscielak failed to substantially or meaningfully comply with United's investigation. United cited case authority stating that an insurer was not obligated to perform under a contract until conditions precedent were satisfied such as submitting to an examination under oath if requested. *See Savage v. Am. Family Ins. Co.*, 10th Dist. Franklin No. 08AP-273, 2008-Ohio-4460. In addition, United argued that Koscielak engaged in intentional misconduct and her claim should be denied for that reason.

{¶23} Over the ensuing months, Koscielak *did not file any response to United's motion for summary judgment.*

{¶24} On October 16, 2019, the trial court filed an entry granting United's summary judgment motion finding generally that there were no genuine issues of material fact, that United was entitled to judgment as a matter of law, and that reasonable minds could reach only one conclusion, adverse to Koscielak. It is from this judgment dismissing her complaint that Koscielak appeals, asserting the following assignment of error for our review.

**Assignment of Error**
**The trial court abused its discretion in holding that there were no genuine issues of material fact and that the defendant [met] the standard for summary judgment.**

{¶25} In her assignment of error, Koscielak argues that the trial court erred by granting summary judgment to United. Specifically, she claims that genuine issues of material fact existed in this case.

Standard of Review

{¶26} We review a trial court's decision on a motion for summary judgment *de novo*. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Thus, this Court conducts an independent review of the evidence and arguments that were before the trial court without deference to the trial court's decision. *See State ex rel. Sunset Estate Properties, L.L.C. v. Lodi*, 142 Ohio St.3d 351, 2015-Ohio-790, ¶ 6.

{¶27} Pursuant to Civ.R. 56(C), summary judgment is appropriate only under the following circumstances: (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978). "When seeking summary judgment on grounds that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element

of the non-moving party's claims." *Lundeen v. Graff*, 10th Dist. Franklin, 2015-Ohio-4462, ¶ 11, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once the moving party meets its initial burden, the nonmovant must set forth specific facts demonstrating a genuine issue for trial. *Dresher* at 293.

*Analysis*

**{¶28}** At the outset, we note that after reciting the summary judgment standard in her brief, Koscielak spends two total paragraphs arguing that the trial court erred in this matter, citing no case authority whatsoever in support. While a lengthier, quantitative argument does not equate to a qualitative argument, App.R. 16(A)(7) *requires* an appellant's argument to contain citations to authorities or parts of the record that the appellant relies upon. "It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error." *Harris v. Nome*, 9th Dist. Summit No. 21071, 2002-Ohio-6994, ¶ 15, citing *Kremer v. Cox*, 114 Ohio App.3d 41, 60 (9th Dist.1996).

**{¶29}** Moreover, we emphasize that Koscielak did not even file a response to United's summary judgment motion at the trial court level. *See Whitt v. Wolfinger*, 4th Dist. Ross No. 14CA3455, 2015-Ohio-2726, ¶ 47, citing *Shover v. Cordis Corp.*, 61 Ohio St.3d 213, 220 (1991) ("It is axiomatic that a litigant's failure to raise an issue at the trial court waives the litigant's right to raise that issue on

appeal."). Nevertheless, we will review the argument that Koscielak does make in the interest of justice.

{¶30} In her brief, Koscielak claims broadly that the trial court erred by finding that the evidence was undisputed that Koscielak failed to comply with the terms of the insurance contract and that United was therefore entitled to summary judgment. Koscielak contends that, "An allegation that terms and conditions were not complied with, absent further evidence, is not enough to satisfy the rigorous test required to grant summary judgment." (Appt.'s Br. at 2).

{¶31} Contrary to Koscielak's argument, the *only* evidence in the record, including Koscielak's own 2019 deposition, establishes that Koscielak repeatedly failed to comply with United's demands for her to appear for an examination under oath and for her to provide documentation regarding the personal property losses. Koscielak herself testified that she was aware of United's earlier requests for the examination under oath, and despite the ongoing investigation, Koscielak claimed she went to Tennessee with her daughter. Koscielak then claimed that she did not have her mail forwarded and that she was thus unaware of communications regarding the denial of her claim until months after-the-fact. Even accepting all of Koscielak's statements as true, she still admitted to willfully ignoring United's ongoing investigation despite the numerous and stern letters she received from United's attorneys. It is perfectly reasonable given the statements Jeff made in his

examination under oath that United would want to investigate the matter further, and it was also perfectly reasonable that United would want a list of items lost in the fire and their relative value before paying for them.

{¶32} Furthermore, legal authority does support a trial court granting summary judgment in favor of an insurer where the insured fails to comply with an investigation pursuant to the contract. *See Savage v. Am. Family Ins. Co.*, 10th Dist. Franklin No. 08AP-273, 2008-Ohio-4460, ¶¶ 24-25; *Joseph v. State Farm Fire and Cas. Co.*, 2013 WL 663623 (S.D. Ohio); *Luntz v. Stern*, 135 Ohio St. 225, 236-237 ("Cooperation with the insurer is one of the conditions of the policy and where there has been a failure to fulfill a condition upon which the obligation is dependent, the obligation ceases."); *Gabor v. State Farm Mut. Auto. Ins. Co.*, 66 Ohio App.3d 141 (8th Dist.1990) (summary judgment granted in favor of insurer affirmed where insured did not cooperate with investigation); *Doerr v. Allstate Ins. Co.*, 121 Fed. Appx. 638, 641 (6th Cir.2005) (summary judgment granted in favor of insurer affirmed where insured did not cooperate with investigation); *Johnson v. Allstate Ins. Co.*, 11th Dist. Trumbull No. 2001-T-0127, 2002-Ohio-7165 (summary judgment granted in favor of insurer affirmed where insured did not cooperate with investigation).

{¶33} Based on the foregoing we find that the trial court correctly determined that no genuine issue of material fact existed in this case, that United was entitled

to judgment as a matter of law, and that reasonable minds could reach but one conclusion, adverse to Koscielak. Therefore, her assignment of error is overruled.

*Conclusion*

{¶34} For the foregoing reasons Koscielak's assignment of error is overruled and the judgment of the Defiance County Common Pleas Court is affirmed.

***Judgment Affirmed***

**PRESTON and ZIMMERMAN, J.J., concur.**

**/jlr**